FILED
SEP 30 2010
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 09-10025 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION |
| NURIT LEVITAS, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The government moved for a determination of defendant's mental competency and the Court ordered that defendant undergo a competency examination for the purposes of determining her mental competency to stand trial and aid in her defense, pursuant to 18 U.S.C. § 4241. A psychological examination was completed and report received from the Federal Medical Center at Carswell, Texas, on September 18, 2009. Defendant thereafter moved for an examination by her expert to determine her mental competency to stand trial. A psychological examination was completed and a report received from Dr. David Bean on April 22, 2010.

This matter came on for a competency hearing on June 1, 2010, after which I found that the defendant was not competent to proceed to trial and was not able to properly assist in her defense. I ordered, pursuant to 18 U.S.C. § 4241(d)(1), that the defendant should be committed to the custody of the Bureau of Prisons for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit the trial to proceed.

On July 26, 2010, the Bureau of Prisons notified the Court that the defendant refused to participate in the proposed psychiatric treatment to restore her competency. The report is on file and states, *inter alia*, the professional recommendation for involuntary administration of drugs to restore the defendant to competency. She was returned to the District of South Dakota where she obtained her own independent evaluation as to the <u>Sell</u> factors from Dr. Steven Manlove.

A contested hearing was held on September 27, 2010, pursuant to Sell v. United States, 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003), to determine whether to permit and to order the involuntary administration of drugs to restore the defendant's competency.

The United States Supreme Court held in Sell v. United States:

> [T]he Constitution permits the Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, but only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests.
>
> This standard will permit involuntary administration of drugs solely for trial competence purposes in certain instances. But those instances may be rare.

Sell v. United States, 539 U.S. at 179-80, 123 S.Ct. at 2184.

The first Sell requirement is that there must be an *important* governmental interest at stake.

> The Government's interest in bringing to trial an individual accused of a serious crime is important. That is so whether the offense is a serious crime against the person or a serious crime against property. In both instances the Government seeks to protect through application of the criminal law the basic human need for security . . . .
>
> Courts, however, must consider the facts of the individual case in evaluating the Government's interest in prosecution. Special circumstances may lessen the importance of that interest. The defendant's failure to take drugs voluntarily, for example, may mean lengthy confinement in an institution for the mentally ill-and that would diminish the risks that ordinarily attach to freeing without punishment one who has committed a serious crime. We do not mean to suggest that civil commitment is a substitute for a criminal trial. The Government has a substantial interest in timely prosecution. And it may be difficult or impossible to try a defendant who regains competence after years of commitment during which memories may fade and evidence may be lost. The potential for future confinement affects, but does not totally undermine, the strength of the need for prosecution. The same is true of the possibility that the defendant has already been confined for a significant amount of time (for which he would receive credit toward any

2

sentence ultimately imposed, see 18 U.S.C. § 3585(b)). Moreover, the
Government has a concomitant, constitutionally essential interest in
assuring that the defendant's trial is a fair one.

Sell v. United States, 539 U.S. at 180, 123 S.Ct. at 2184.

The second <u>Sell</u> requirement is that the involuntary administration of medication will *significantly further* those interests. Sell v. United States, 539 U.S. at 181, 123 S.Ct. at 2184.

> [T}he court . . . must find that administration of the drugs is substantially
> likely to render the defendant competent to stand trial. At the same time, it
> must find that administration of the drugs is substantially unlikely to have
> side effects that will interfere significantly with the defendant's ability to
> assist counsel in conducting a trial defense, thereby rendering the trial
> unfair.

Sell v. United States, 539 U.S. at 181, 123 S.Ct. at 2184-85.

The third <u>Sell</u> requirement is that the involuntary administration of medication is *necessary* to further those interests. Sell v. United States, 539 U.S. at 181, 123 S.Ct. at 2185.

> The court must find that any alternative, less intrusive treatments are
> unlikely to achieve substantially the same results. And the court must
> consider less intrusive means for administering the drugs, e.g., a court
> order to the defendant backed by the contempt power, before considering
> more intrusive methods.

Sell v. United States, 539 U.S. at 181, 123 S.Ct. at 2185.

The fourth <u>Sell</u> requirement is that the involuntary administration of drugs is "*medically appropriate*, i.e., in the patient's best medical interest in light of his medical condition." Sell v. United States, 539 U.S. at 181, 123 S.Ct. at 2185.

> The specific kinds of drugs at issue may matter here as elsewhere.
> Different kinds of antipsychotic drugs may produce different side effects
> and enjoy different levels of success.

*Id.*

> We emphasize that the court applying these standards is seeking to
> determine whether involuntary administration of drugs is necessary
> significantly to further a particular governmental interest, namely, the
> interest in rendering the defendant competent to stand trial. A court need
> not consider whether to allow forced medication for that kind of purpose,
> if forced medication is warranted for a different purpose, such as the
> purposes set out in Harper related to the individual's dangerousness, or
> purposes related to the individual's own interests where refusal to take

3

> drugs puts his health gravely at risk. There are often strong reasons for a court to determine whether forced administration of drugs can be justified on these alternative grounds before turning to the trial competence question.
>
> For one thing, the inquiry into whether medication is permissible, say, to render an individual nondangerous is usually more "objective and manageable" than the inquiry into whether medication is permissible to render a defendant competent. The medical experts may find it easier to provide an informed opinion about whether, given the risk of side effects, particular drugs are medically appropriate and necessary to control a patient's potentially dangerous behavior (or to avoid serious harm to the patient himself) than to try to balance harms and benefits related to the more quintessentially legal questions of trial fairness and competence.
>
> For another thing, courts typically address involuntary medical treatment as a civil matter, and justify it on these alternative, Harper-type grounds. Every State provides avenues through which, for example, a doctor or institution can seek appointment of a guardian with the power to make a decision authorizing medication-when in the best interests of a patient who lacks the mental competence to make such a decision. And courts, in civil proceedings, may authorize involuntary medication where the patient's failure to accept treatment threatens injury to the patient or others.

Sell v. United States, 539 U.S. at 181-82, 123 S.Ct. at 2185.

Defendant contends that not all the Sell factors have been satisfied. The main argument advanced by the defendant is that the pending cases do not involve serious crimes and that important governmental interests are not at stake. I reject that argument and I find that the first Sell factor is satisfied. The defendant is accused in the two cases pending of (1) harassing a United States District Judge in Florida by repeated and threatening communications, especially after having been warned more than once against doing so; and (2) assaulting federal officers when she was being taken into custody on the harassment charge.

She was previously tried in Montana for threatening the same judge in largely the same manner and was found not guilty by reason of insanity. The very large number of threats alleged in the present case makes the case significant. Federal officers, including United States Marshals, have the right to not be physically assaulted by people charged with a crime. Their security is important. Important governmental interests are at stake and the cases involve serious crimes.

There is really no legitimate dispute that the second and third factors are satisfied. It is in the best interests of the defendant that she be restored to competency by the involuntary administration of the medication described in the report from Texas. I find that the administration of such drugs is substantially unlikely to have any side effects that will interfere with the defendant's ability to assist her attorney and to conduct a trial defense. If she is restored to competency, we can have a fair trial for her. It is important that these cases be resolved and without further delay. As matters now stand, she cannot even consider a plea agreement. She has already been in custody for a long time. Further custody would likely result if she cannot be promptly restored to competency. The court is willing to consider releasing her from detention while awaiting trial, assuming she has first been restored to competency and has no violations of any conditions of release. If she is not restored to competency and is somehow released, the likelihood is great that she will commit the same offenses again and wind up back in custody and facing additional federal charges and possible sentences. The Bureau of Prisons is confident that she can be restored to competency. I find that administration of the drugs will be substantially likely to render the defendant competent to assist her attorney and stand trial, if necessary. This will further not only the best interests of the defendant but also the significant and important interests of the government which interests I have described under the first Sell requirement discussion. There are no less intrusive treatments which would achieve the same results. The defendant herself has made it impossible for any less intrusive treatments to be used. She would not pay any attention to a court order to the effect that she is to cooperate with staff at the institution, especially if the order involved the administration of drugs. I encouraged her to fully cooperate each time she appeared before me and she acted in a totally irrational manner, both in Texas and in federal court. Her conduct during the last appearance was entirely satisfactory but there is no indication that anything less than involuntary administration of drugs would work for this defendant. She has never "backed away" from her refusal to cooperate or to voluntarily take the drugs which she needs.

The fourth Sell factor is also met. The specific kinds of drugs are confidently predicted to restore her to competency. Those drugs are "medically appropriate" as to this defendant. Based upon the exhibits, the facts stipulated by the parties, and the record as a whole, I find that the Sell factors have been satisfied.

Based upon the findings made upon the record and the findings herein,

5

IT IS ORDERED, as follows:

(1) The Federal Bureau of Prisons is authorized and directed to involuntarily administer the described drugs to the defendant in order to restore her competency.

(2) The Bureau shall within no later than five days from the entry of this Order designate the institution.

(3) The institution designated by the Bureau to administer the drugs and hold the defendant shall succinctly report to this court weekly in writing as to the progress of the defendant. The first such report shall be made within 10 days of the first administration of the drugs to the defendant. The institution shall move promptly to begin the regimen of the administration of the drugs as soon as the defendant arrives at the designated facility.

(3) The United States Marshals Service is to forthwith and without delay transport the defendant to the institution designated so that all further delay is avoided.

Dated this 30th day of September, 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
            DEPUTY
(SEAL)